2011 WY 94

**Jerry ALLEN, Appellant (Defendant),**

v.

**Joyce ANDERSON, Appellee (Plaintiff).**

No. S–10–0215.

Supreme Court of Wyoming.

June 16, 2011.

Representing Appellant: Matthew D. Winslow of Keegan & Winslow, P.C., Cody, Wyoming.

Representing Appellee: Alex H. Sitz, III of Meinecke & Sitz, LLC, Cody, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Joyce Anderson and Jerry Allen were involved in a long-term, non-marital relationship. Upon separation, the parties agreed that each should have ownership of personal property in their respective possession. Allen alleges that Anderson wrongly took some of his personal property into her possession. The district court determined that Allen failed to claim the personal property at issue in a timely fashion and thus effectively abandoned his claim to it. We affirm the ultimate decision that Allen has no claim to the personal property at issue, but we do so on separate grounds.

### ISSUES

[¶ 2] Allen presents two issues:

1. Whether the District Court erred in applying the incorrect legal standard when it held that Appellant abandoned the subject personal property.

2. Whether the District Court's factual findings were clearly erroneous when it held that Appellant abandoned the subject personal property.

## FACTS

[¶ 3] Anderson and Allen cohabitated for numerous years but never married. During the course of their relationship, they acquired various items of personal property and a parcel of real property that they owned jointly. The land was pasture land that included a loafing shed. When the relationship broke down, Anderson moved out of their residence. She filed legal action seeking partition of real and personal property and asserting various tort claims against Allen.

[¶ 4] The parties entered into a settlement agreement intended to "make a complete and final settlement of all property issues and tort claims pending" in district court. The parties agreed they were to receive the personal property in their respective possession. Anderson was also to receive possession of certain specified items of property in Allen's possession. The parties further agreed that Anderson was to have the real property "as her sole and separate property, free and clear of any and all right, title, claim or demand of" Allen.

[¶ 5] Problems developed in relation to the exchange of personal property. First, when Anderson went to Allen's residence to pick up her possessions, she was unable to locate some items. Conversely, she found items passed down through her family that, although of little economic value, had strong sentimental value. Allen refused to allow her to take these extra items because she had not itemized them.

[¶ 6] Second, some personal property was stored in the loafing shed. Except for a few objects that were on Anderson's itemized list, none of the other pieces of personal property were itemized. After Anderson received the quitclaim deed for the land, she removed all items from the loafing shed. Allen claimed some of the items Anderson removed were his and filed the instant motion seeking recovery of those items through enforcement of the terms of the settlement agreement.

[¶ 7] After the hearing on the motion, the district court determined Allen had abandoned his claim to the items in the shed by not picking them up before executing the quitclaim deed. The district court reasoned Allen had plenty of time to retrieve any items of personal property he was claiming from the loafing shed before executing the quitclaim deed in favor of Anderson. According to the district court, the settlement agreement was very clear that Allen would have no access to the real property after conveyance of title except as necessary for the care of up to four horses. Allen had not been granted the right to store any items on the property. Thus, continued the district court, a reasonable man would have removed his alleged property before transferring title. Consequently, the district court declined to find the terms of the settlement agreement required the return to Allen of any personal property that had been in the loafing shed.[1]

## DISCUSSION

[¶ 8] We find the solution to this appeal lies entirely in the terms of the settlement agreement. A settlement agreement is a contract and, therefore, subject to the same legal principles that apply to any contract. *Western Mun. Constr. of Wyo., Inc. v. Better Living, LLC,* 2010 WY 92, ¶ 11, 234 P.3d 1223, 1227 (Wyo.2010); *In re Estate of Maycock,* 2001 WY 103, ¶ 10, 33 P.3d 1114, 1117 (Wyo.2001); *Matter of Estate of McCormick,* 926 P.2d 360, 362 (Wyo.1996). Construing contracts presents a question of law, which we review de novo. *See, e.g., Knight v. TCB Constr. & Design, LLC,* 2011 WY 27, ¶ 7, 248 P.3d 178, 181 (Wyo.2011); *Terris v. Kimmel,* 2010 WY 110, ¶ 7, 236 P.3d 1022, 1025 (Wyo. 2010).

[¶ 9] Our primary concern is determining the intent of Anderson and Allen when they entered into the settlement agreement. We look first to the plain language of the settlement agreement and enforce that language if unambiguous. Our focus is on the ownership of the items of personal prop-

---

1. The district court did, however, suggest as an equitable remedy that Allen return the personal, family items to Anderson that Anderson had requested and then Anderson return the personal property from the loafing shed to Allen. It would seem the parties never followed this suggestion.

erty that were located in the loafing shed. We find the settlement agreement unambiguously awards ownership of these items to Anderson. Under the terms of the settlement agreement, Anderson was awarded the real property on which the loafing shed is situated. All items of personal property on the land, including the items in the loafing shed, came into Anderson's possession as incident to the ownership of the real property. Since the settlement agreement also grants Anderson ownership of all items of personal property in her possession, the items in the loafing shed became her property.

[¶ 10] Allen alleges the settlement agreement is silent as to the items in the loafing shed, thus creating an ambiguity. We disagree. The fact that the personal property at issue was not itemized does not make the settlement agreement silent on the issue. The settlement agreement clearly states its purpose is to settle the matter of ownership of **all** items of personal property. The parties were granted all personal property in their respective possession. No personal property falling within this category was itemized. Instead, the parties itemized items that were in the other's possession or in joint possession that they wanted. For instance, Allen itemized an RV and a horse trailer. As Allen recognized in refusing to allow Anderson to have items of personal property in his possession that she had forgotten to itemize, Allen is not entitled to any items in Anderson's possession that he forgot to itemize.

## CONCLUSION

[¶ 11] The settlement agreement entered into by the parties granted ownership of the personal property in the possession of each party to that respective party. The settlement agreement also granted ownership of the real property, including the loafing shed, to Anderson, free of any claim or demand of Allen. All personal property on the land therefore was in Anderson's possession and granted to her under the terms of the settlement agreement. Affirmed.[2]

---

**2.** Because of our disposition of the appeal, we need not address the issue of abandonment.